COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Albert G. Hill, III v. Craig Watkins, Terri Moore, Russell Wilson, Margaret Keliher, Heather Hill Washburne, Elisa Hill Summers, Ray Washburne, Alinda Wilkert, Lyda Hill, David Pickett, Ty Miller, Joy Waller, PBL Multi-Strategy Fund, L.P., Thomas Tatham and Chester Donnally, Jr.

Appellate case number:      01-20-00419-CV

Trial court case number:      2019-38645

Trial court:      127th District Court of Harris County

Appellant, Albert G. Hill, III, has filed an "Unopposed Motion for Extension of Time to File Notice of Appeal and for Extension of Deadline for the Filing of Appellant's Brief." In his notice of appeal, appellant appeals from four orders of the trial court dismissing his causes of action against appellees, granting fees to appellees, and awarding sanctions pursuant to the Texas Citizens Participation Act (the "TCPA"): (1) Order and Final Judgment Regarding Claims Against Chester Donnally, Jr., David Pickett, Joyce Waller and Thomas Tatham, signed by the trial court on May 8, 2020; (2) Order and Final Judgment Regarding Claims Against Margaret Keliher and Ty Miller, signed by the trial court on May 8, 2020; (3) Order and Final Judgment Regarding Claims Against Lyda Hill and Alinda Wilkert, signed by the trial court on May 8, 2020; and (4) Order and Final Judgment Regarding Claims Against Heather Hill Washburne, Ray Washburne, and Elisa Hill Summers, signed by the trial court on May 13, 2020.

Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.2(a)(1). However, an appeal from a trial court order pursuant to the TCPA, whether interlocutory or not, is an accelerated appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) ("An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under [the TCPA] . . ."); *see also* TEX. R. APP. P. 28.1 (defining "accelerated appeals" to include "appeals required by statute to be accelerated or expedited").

Accordingly, appellant's notice of appeal for the trial court's May 8, 2020 orders was due on or before May 28, 2020, and appellant's notice of appeal for the trial court's May 13, 2020 order was due on or before June 2, 2020.

On June 5, 2020, appellant filed his untimely notice of appeal of each of the above-referenced trial court orders. On August 12, 2020, appellant filed an unopposed motion for extension of time to file a notice of appeal. The time within which to file a notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files a notice of appeal and a motion for extension of time complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3. Appellant's notice of appeal, but not his motion for extension of time, was filed within fifteen days of the deadline for filing the notice of appeal. However, we may imply a motion for extension of time to file a notice of appeal where an appellant, acting in good faith, files a notice of appeal within the fifteen-day period under Rule 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Because appellant filed his notice of appeal within fifteen days of the deadline for filing a notice of appeal, appellant's motion for extension of time to file his notice of appeal is **granted**.

Further, appellant's motion to extend the deadline for filing his appellant's brief is **granted**. Appellant's brief is due on or before August 21, 2020.

It is so ORDERED.


Judge's signature: __/s/ Evelyn V. Keyes_____
                ☑ Acting individually    ☐ Acting for the Court


Date: ___August 20, 2020_____